Parinello v. Bausch & Lomb

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of August, two thousand fourteen.

PRESENT:
> JOHN M. WALKER, JR.,
> DENNIS JACOBS,
> RICHARD C. WESLEY,
> *Circuit Judges.*

_____

Anthony D. Parinello,

> *Plaintiff-Appellant*,

v.                                                    13-1977

Bausch & Lomb,

> *Defendant-Appellee*.

_____


| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Anthony D. Parinello, *pro se*, Englewood, CO (Christina A. Agola, Christina A. Agola, PLLC, Rochester, NY, filed a brief on behalf of Appellant before being relieved). |
| **FOR DEFENDANT-APPELLEE:** | Peter Jones and Kseniya Premo, Bond, Schoeneck & King, PLLC, Syracuse, NY. |

Appeal from a judgment of the United States District Court for the Western District of New York (Telesca, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Appellant Anthony Parinello, *pro se*, appeals from the district court's grant of summary judgment, dismissing his employment discrimination action. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the district court's grant of summary judgment, with the view that "[s]ummary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). On summary judgment, the court must consider "not whether . . . the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Upon such review, we conclude that Parinello's appeal is without merit substantially for the reasons articulated by the district court in its thorough and well-reasoned order. *Parinello v. Bausch & Lomb*, No. 10-cv-6519 (W.D.N.Y. Apr. 17, 2013). We have considered all of Parinello's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk